reUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SHARINA JONES, Individually, :
:
      Plaintiff, :
:
v. : Case No. 2:12-cv-12625
:
URBANCAL OAKLAND SQUARE, LLC :
A Foreign Limited Liability Company :
:
      Defendant. :
_____/ :

# COMPLAINT

Plaintiff, Sharina Jones (hereinafter "Plaintiff"), hereby sues the Defendant, URBANCAL Oakland Square, LLC., A Foreign Limited Liability Company (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), and for damages pursuant to the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq. In support thereof, Plaintiff states:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), and the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq.

2. This Court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

  b. 28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

  c. 28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and

  d. 28 U.S.C. §1367(a), which gives District Courts jurisdiction over Plaintiff's State claim as violations of the PDCRA arise from the same facts and circumstances that give rise to Plaintiff's ADA claim.

3. Venue is proper in this judicial district and division under 28 U.S.C. §1391(b) because Defendant does business in the State of Michigan, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

4. Plaintiff Sharina Jones is a resident of Troy, Oakland County, Michigan, uses a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104, and MCL 31.1103.

5. Plaintiff Sharina Jones is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

6. At the time of the incident, Plaintiff Sharina Jones was Ms. Wheelchair Michigan 2011.

7. Plaintiff Sharina Jones is a frequent patron of the Oakland Square Mall, located at 500 John R. Road, Troy, Oakland County, Michigan.

8. Plaintiff Sharina Jones has definite plans to return to the Oakland Square Mall in July 2012, and several times throughout the year.

9. The Oakland Square Mall is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104, and MCL 37.1301.

10. Defendant owns, leases, leases to, or operates the Oakland Square Mall, and is responsible for complying with the obligations of the ADA and the PDCRA.

## COUNT I

## VIOLATION OF THE ADA

11. Plaintiff realleges paragraphs one (1) through ten (10) of this Complaint and incorporates them here as if set forth in full.

12. Plaintiff was a patron of the Oakland Square Mall on November 29, 2011.

13. Plaintiff is a regular patron at the property which forms the basis of this lawsuit and plans to return the property in July 2012 to avail herself of the goods and services offered to the public at the property.

14. Plaintiff plans to return to the property several times throughout 2012.

15. There are numerous architectural barriers present at the Oakland Square Mall that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of the Oakland Square Mall are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

16. Elements and spaces to which there are barriers to access at the Oakland Square Mall include, but are not necessarily limited to:

   a. There are changes in levels of greater than ½ inch throughout the property which creates a dangerous hazard for an individual in a wheelchair.

b. There is a policy of allowing snow to accumulate and not clear snow in the disabled parking spaces, making them unusable to disabled patrons.

c. There are marked crossings on the accessible route from the facility that lead to raised islands, making it unusable for an individual in a wheelchair.

d. There are marked crossings on the accessible route from the facility that lead to raised islands, thus creating a dangerous situation as an individual in a wheelchair must traverse through lanes of heavy traffic to access the property.

e. The curb ramps at the facility contain excessively sloped side flares, thus creating a dangerous hazard for an individual in a wheelchair.

f. The curb ramps are not cleared of snow, thus creating a dangerous hazard for an individual in a wheelchair.

g. Defendant maintains a policy of not maintaining curb ramps clear of snow, thus discriminating against individuals in wheelchairs.

h. The outdoor ramps allow for the accumulation of water and ice on the surface, thus creating a dangerous hazard for an individual in a wheelchair.

i. There are designated accessible parking spaces that do not have proper signage, thus making it difficult for a disabled individual to locate the appropriate parking area.

j. The access aisles from the accessible parking spaces do not lead to an accessible route, thus making an individual in a wheelchair to be forced to traverse through lanes of heavy traffic to access the property.

17. The discriminatory violations described in paragraph 16 of this Complaint were personally encountered by Plaintiff. The Plaintiff, and all other mobility-impaired individuals

similarly situated have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendants' buildings and facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

18. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, the opportunity to use such elements, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

19. Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Sharina Jones has standing to require that all barriers to access on the property for the mobility-impaired, not merely only those Plaintiff personally encountered.

20. Defendants' failure to remove the architectural barriers identified in paragraph fifteen (15) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

21. It would be readily achievable for the Defendant to remove the architectural barriers identified above.

22. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the

Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

23. The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

24. Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

25. Sharina Jones has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 15 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendants.

26. Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA, unless she is willing to suffer further discrimination.

27. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II

## VIOLATION OF THE PDCRA

30. Plaintiff realleges paragraphs one (1) through twenty-nine (29) of this Complaint and incorporates them here as if set forth in full

31. The Defendant has discriminated against Plaintiff by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of a disability, as prohibited by MCL 37.1302.

32. Plaintiff was a patron at the Oakland Square Mall on November 29, 2011, and suffered personal injury as a result of Defendant's failure to make the property accessible.

33. As a direct and proximate cause of Defendant's failure to ensure the property is compliant under the ADA, Plaintiff suffered physical injury.

34.   Plaintiff, while attempting to gain access to the property, was forced to traverse over an ice and snow covered access ramp that had an uneven surface.

35.   As a result of the ice, snow, and uneven surface, Plaintiff's wheelchair was caused to flip over, expelling her to the ground.

36.   As a result of the aforementioned incident, Plaintiff suffered severe physical injuries that required hospitalization.

37.   As a result of the aforementioned incident, Plaintiff's wheelchair sustained significant damage.

38.   Plaintiff has suffered physical and emotional pain and suffering, loss of companionship, loss of consortium, and loss of enjoyment of life.

39.   Plaintiff has desired and attempted to enjoy the goods and services at the Oakland Square Mall as a customer. She has been prevented from doing so due to the existing architectural barriers at the property. As a result, she has been distressed and inconvenienced thereby, and is entitled to monetary damages for her injuries, as provided for in MCL 37.1606.

40.   As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

### PRAYER FOR RELIEF

41.   Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and

the State of Michigan, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A. Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, and the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq.*

   i. by failing to bring the Oakland Square mall into compliance with the Standards where it is readily achievable to do so; and

   ii. by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

B. Order Defendant:

   i. to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

   ii. to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities

C. Award to Plaintiff Sharina Jones, who has been aggrieved and injured by the illegal acts of discrimination committed by Defendant, the following:

      i.      Compensatory damages in whatever amount in excess of $1000.00, exclusive of costs and interest, that Plaintiff is found to be entitled;

      ii.      Punitive/exemplary damages against Defendant in whatever amount, exclusive of costs and interests, that Plaintiff is found to be entitled; and

      iii.      General and special damages against Defendant in whatever amount, exclusive of costs and interests, that Plaintiff is found to be entitled

D.     Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 and MCL 37.1606.

E.     Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,

By: /s/ Pete M. Monismith_____
Pete M. Monismith, Esq.
3945 Forbes Ave., #175
Pittsburgh, PA 15213
Ph: 724-610-1881
Fax: 412-258-1309
Pete@monismithlaw.com
PA-84746